FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP - 1 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

- against -

MS. PAM BRIER, CEO, Maimonides Medical Center,

        Defendant.
-----------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

- against -

ATTORNEY SUANNE LINDER CHIACCHIARO,

        Defendant.
-----------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

    -against-

OFFICE OF SHERIFF NEW YORK CITY,

        Defendant.
-----------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

    -against-

YMCA,

        Defendant.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

15-CV-2387 (CBA) (LB)

15-CV-2388 (CBA) (LB)

15-CV-3568 (CBA)

15-CV-4267 (CBA)

```
------------------------------------------------------------x
```
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

    -against-

                             15-CV-4728 (CBA)

COMPTROLLER SCOTT STRINGER,

        Defendant.
```
------------------------------------------------------------x
```
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

    -against-

                             15-CV-5069 (CBA)

NEW YORK CITY POLICE DEPARTMENT,
COMMISSIONER WILLIAM BRATTON, and
COMMISSIONER RETIRED RAYMOND KELLY,

        Defendants.
```
------------------------------------------------------------x
```
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

    -against-

                             15-CV-6716 (CBA)

INTERFAITH MEDICAL CENTER and KINGSBORO
PSYCHIATRIC CENTER,

        Defendants.
```
------------------------------------------------------------x
```
COLONEL MAURICE MAYNARD MEYERS,

        Plaintiff,

    -against-

                             15-CV-6879 (CBA)

THE HEALTH AND HOSPITALS CORPORATION,

        Defendant.
```
------------------------------------------------------------x
```

------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

    Plaintiff,

  -against-

WILLIAM F. MASTRO, JP; LEONARD B. AUSTIN;
ROBERT J. MILLER; and JOSEPH J. MALTESE, JJ.,

    Defendants.
------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

    Plaintiff,

  -against-

NEW YORK STATE ATTORNEY GENERAL,

    Defendant.
------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

    Plaintiff,

  -against-

ATTORNEY GENERAL'S OFFICE NEW YORK
STATE and FELDMAN AND FELDMAN,

    Defendants.
------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

    Plaintiff,

  -against-

McALOON AND FRIEDMAN,

    Defendant.
------------------------------------------------------------x

16-CV-1169 (CBA)

16-CV-1170 (CBA)

16-CV-1343 (CBA)

16-CV-2204 (CBA)

------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

          Plaintiff,

          -against-
                                          16-CV-2497 (CBA)

COMMISSIONER WILLIAM BRATTON,
The New York City Police Department,

          Defendant.
------------------------------------------------------------x

**AMON, United States District Judge:**

The above-captioned complaints filed by pro se plaintiff Maurice Maynard Meyers are currently pending before the Court. Meyers's multiple requests to proceed in forma pauperis ("IFP") are granted, but each of the above-captioned actions is dismissed.

## BACKGROUND

Meyers has filed multiple complaints in this Court.[1] Many of his past and currently pending cases challenge his involuntary commitment and medication. Similar claims were previously dismissed in Meyers v. Health & Hosp. Corp., No. 12-CV-4450, and 13-CV-1258 (E.D.N.Y. Aug. 19, 2014). More recently, after a competency hearing in which Magistrate Judge Lois Bloom found that it was not necessary to appoint a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c), Meyers's challenge to his involuntary commitment and his medication over objection was again dismissed. Meyers v. Health & Hosp. Corp., No. 14-

---

[1] See, e.g., In re Meyers, No. 13-MC-572 (CBA), 2013 WL 5502825 (E.D.N.Y. Oct. 2, 2013) (describing plaintiff's litigation history between 2009 and March 2013); Meyers v. Health & Hosp. Corp., et al., No. 13-CV-1258, 2014 WL 4161975 (E.D.N.Y. Aug. 14, 2014) (adopting March 28, 2014, Report and Recommendation, 2014 WL 4160796, granting defendants' motion to dismiss); In re Meyers, No. 14-MC-531 (E.D.N.Y. Aug. 13, 2014) (acknowledging seven new submissions unaccompanied by the filing fee or requests to proceed IFP); Meyers v. Bunyan, No. 14-CV-5212 (E.D.N.Y. Oct. 22, 2014) (dismissed for failure to pay the filing fee or request IFP status); Meyers v. Office of the Mayor, No. 14-CV-7449 (E.D.N.Y. Jan. 30, 2015) (dismissed as frivolous); Meyers v. Metro. Transit Auth., No. 14-CV-7534 (E.D.N.Y. Jan. 30, 2015) (dismissed for failure to pay the filing fee or request IFP status); In re Meyers, No. 14-MC-1691 (E.D.N.Y. Jun. 9, 2015) (dismissing multiple new submissions as improperly filed and frivolous); Meyers v. Ananthamoorthy, No. 15-CV-6696 (E.D.N.Y. Mar. 9, 2016) (granting voluntary dismissal); Meyers v. Maynard, 15-CV-3603 (E.D.N.Y. Sept. 1, 2016) (dismissing seven cases as frivolous or for failure to state a claim).

CV-7448) (E.D.N.Y. May 18, 2016) (describing Meyers's lengthy litigation history and finding that Meyers had received New York's constitutionally sufficient safeguards related to his involuntary commitment and medication and that his challenges to ongoing state-court proceedings was barred by Younger v. Harris, 401 U.S. 37, 43–45 (1971)).

Meyers has also mounted several challenges to "Kendra's Law," New York's Mental Hygiene Law § 9.60, which authorizes court-ordered assisted outpatient treatment ("AOT") for certain individuals with mental illness, following specific criteria and procedures. The Court permitted Meyers's facial challenge to this law to proceed under Docket Number 14-CV-7448. See id. Meyers has also challenged New York City's policy for handling emotionally disturbed persons ("EDP"). This claim is also proceeding in Docket Number 14-CV-7448. See id.

## PENDING COMPLAINTS

Each of the above-captioned complaints raises one or more of these specific claims related to Meyers's mental-health treatment.

In Meyers v. Brier, No. 15-CV-2387, Meyers alleges "false admission into psychiatric hospital," "false imprisonment," and "medication-over-objection." (15-CV-2387, D.E. # 1 at 1.) He states that "Carl Moncrieffe on April 10, 2015 [illegible] 'If I don't have an AOT Team and that I don't receive an injection by the AOT team, he's going to call the N.Y.P.D. each time I come to the house.'" (Id. at 4.) He states that he was removed from his residence at 232 East 23rd Street by police officers and emergency medical technicians "without due process – no reason other than 9-1-1 call Laura Jean Maynard." (Id. at 2.)

In Meyers v. Chiacchiaro, No. 15-CV-2388, Meyers alleges "defamation of character," "psychiatric malpractice," and "no legal process service for court appearance," for which he seeks "$50 million against Attorney Suanne Linder Chiacchiaro." (15-CV-2388, D.E. # 1 at 1.) Attached to this complaint is a copy of a Petition filed in the Supreme Court of New York, Kings County, by Maimonides Medical Center for an order authorizing the administration of

medication to Meyers over his objection. The Petition is signed by Suanne Linder Chiacchiaro, counsel for the hospital, and includes supporting affirmations from two doctors and a proposed treatment plan. (Id. at 6–24.)

On March 26, 2015, the Court received a submission from Meyers dated March 17, 2015, which was captioned for—and docketed in—both 15-CV-2387 and 15-CV-2388 (15-CV-2387, D.E. # 7; 15-CV-2388, D.E. # 7.) The document names Maimonides Medical Center and "[illegible] Attorney for Hospital" as defendants. Meyers states that he told "Attorney Roach - M.H.L.S." to "tell the judge that I am waiting for the return of another copy of the F.B.I. reports to come to court and represent myself. . . . This did not happen." (Id. at 2.) He attaches the transcripts from state-court hearings held on March 19, 2015, and March 26, 2015. The following details are taken from the transcripts.

When the hearing was first called on March 19, 2015, before the Honorable Carolyn Wade, Lanielle D. Roach of Mental Hygiene Legal Services appeared on behalf of Meyers. Ms. Roach told the court that Meyers did not want her to represent him at the proceeding and that he wished to proceed pro se. (D.E. # 7-1 at 2.) Ms. Chiacchiaro, representing Maimonides, indicated that Meyers was not coming to court for the hearing that day. (Id.) The court adjourned the hearing for one week, over the hospital's objection. (Id. at 3.) The court indicated that if Meyers did not appear at the rescheduled hearing, the proceeding would continue without him. (Id. at 5–6.)

When the hearing reconvened on March 26, 2015, Meyers did not appear. In his absence, the court appointed Roach to represent him, over his noted objections. (Id. at 9.) The court heard testimony from Dr. Jing Wang and Carl Moncriefe. Dr. Wang identified himself as the attending psychiatrist on the fourth floor at Maimonides Medical Center's inpatient unit. (Id. at 11.) Dr. Wang testified that the patient had a past history of multiple prior psychiatric hospitalizations at Maimonides and at Kings County Hospital, (id. at 15); that he had been

6

admitted to Maimonides on an emergency basis on March 2, 2015, after a 9-1-1 call made by family members, (id. at 14–15); and that he was diagnosed with schizophrenia, paranoid type, (id. at 16). Dr. Wang testified that during the current admission, and in contrast to previous admissions, Meyers was in a "delusional state" and "quite agitated" and threatened to bomb the unit and shoot staff with an AK-47. (Id. at 16, 21.) Dr. Wang further testified that Meyers refused to take any medication, including his blood-pressure medication, that he was not allowing staff to take his vital signs, and that he was not taking showers or sleeping. (Id. at 17–18.)

Carl Moncriefe testified that he had known Meyers "on and off" since he had been "in a relationship with his sister 30 years ago" and that Meyers "was residing with [him] at 323 East 23rd Street." (Id. at 35.) He testified that he called 9-1-1 because Meyers had become "volatile towards me that day [he] called" and that morning "was trashing his room, breaking things in his room and that, before that he would start to decompensate." (Id. at 36.) Moncriefe further testified that "when Maurice is on medication he's just great. . . . But he had a script for medication that he was supposed to have filled and [he] asked him, would [Meyers] like [Moncriefe] to fill them? [Meyers] said no. And that from that day on he just went downhill." (Id. at 37–38.)

At the conclusion of the hearing, the court granted the medication override and signed the order directing medication over Meyers's objection. (Id. at 45.)

In Meyers v. Office of Sheriff, et al., No. 15-CV-3568, Meyers describes an incident from December 2004 in which he was picked up by deputy sheriffs on a "mental health warrant or something close to it, for the A.O.T. Examination by Judge Anthony A. Cutrona." (15-CV-3568, D.E. #1 at 1–2.) According to Meyers, a Dr. Asemona told him he did not need AOT, but during the hearing, the Director of the A.O.T. Office at Woodhull Center stated, "The Report from the A.O.T. Examination is not available." (Id. at 2.) Meyers states: "A.O.T. was granted

7

by Judge Cutrona." (Id.) Meyers alleges that he was picked up multiple times by the sheriff's office. He seeks $800 million dollars in damages and an injunction against future action by the Office of the Sheriff. (Id. at 1.)

Meyers v. YMCA, No. 15-CV-4267, also makes reference to "A.O.T. Kendra's Law." (15-CV-4267, D.E. #1 at 1.) It requests "free room" and "swimming pool to cure back injury in physical therapy." (Id. at 2.)

Meyers v. Stringer, No. 15-CV-4728, seeks "five hundred million dollars total damages paid to above recipient Maurice Maynard Meyers . . . compensatory/punitive/nominal damages from August 28, 1977 - to - May 30, 2015 for discharge from the Health and Hospitals Corporation." (15-CV-4728, D.E. #1 at 2.) It requests damages to be paid to "MCM Business Consultants Corporation" and "Mrs. Jane W. Rawling." (Id.) An attached notice requests "the copy of the city laws regarding Notice of Claims Procedures and Forms to file[;] how to receive funds paid to you from the Office of Comptroller from a[] civil lawsuit in federal court." (Id. at 4.)

Meyers v. New York City Police Department, et al., No. 15-CV-5069, "seeks change in E.D.P." (15-CV-5069, D.E. # 1 at 1.) Meyers asserts that he has been in "fifteen different psychiatric hospitals from February 4, 2001 to May 20, 2015." (Id. at 2.) This complaint also includes references to "A.O.T. under Kendra's Law," the Bolshevik Revolution, and an unspecified criminal offense from August 28, 1977. (Id. at 4–5.)

Meyers v. The Health and Hospitals Corporation, et al., No. 15-CV-6879, seeks damages for "27 psychiatric hospitalizations" occurring between July 2004 and January 2009. (15-CV-6879, D.E. # 1 at 1.) He alleges that he sustained permanent back and leg injuries and other injuries in Unit #1 in September 2005. (Id. at 2.) This complaint also references AOT and Kendra's Law, in addition to "full F.B.I. surveillance while living in the Greenpoint Hotel." (Id. at 1.) Meyers seeks $10 billion in damages and states that he is "willing to settle out of court."

(Id. at 1–2.)

In Meyers v. Interfaith Medical Center, et al., No. 15-CV-6716, Meyers states that his sister Laura Jean Maynard brought police to his apartment in February 2003. (15-CV-6716, D.E. # 1 at 1.) He alleges that he was hospitalized at Interfaith Medical Center, or possibly Kingsboro Psychiatric Center, from February 2003 to August 2003. (Id. at 2.) He also mentions an FBI investigation at the Greenpoint Hotel. (Id.) He seeks $5 billion in damages. (Id.)

In Meyers v. New York State Attorney General, No. 16-CV-1170, Meyers alleges that the State Attorney General "put my name [and] social security number [illegible] into the Kendra's Law database in the New York State Attorney General Record." (16-CV-1170, D.E. # 1 at 2.) He requests: "Please court-order the elimination of the Kendra's Law database – please eliminate court order the AOT team[;] please eliminate Kendra's Law." (Id.) This complaint also seeks "unlimited damages from New York State Attorney General on criminal behavior unbecoming an elected law enforcement officer" and mentions a certificate for the "MCM Business Consultant Corporation." (Id. at 1.)

In Meyers v. Appellate Division, et al., No. 16-CV-1169, Meyers apparently seeks to cancel a court hearing in the New York Supreme Court Appellate Division, Second Department. (16-CV-1169, D.E. # 1 at 1.) He attaches an order from the Appellate Division denying a motion for summary reversal, relieving assigned counsel, and appointing new counsel, Steven A. Feldman. (Id. at 3–4.) Meyers failed to pay the filing fee or request to proceed IFP in this action.

In Meyers v. Attorney General's Office, et al., No. 16-CV-1343, Meyers names Feldman & Feldman as a defendant and alleges that Steven Feldman "never showed, never called, no letters, no communication." (16-CV-1343, D.E. # 1 at 3.) He attaches a fax that he sent, pro se, to the Appellate Division, along with the letter he received in response stating that his pro se papers were being returned because he was represented by counsel. (Id. at 4–9.)

In Meyers v. McAloon and Friedman, No. 16-CV-2204, Meyers sues another law firm

for "their role in court-ordered medication-over-objection." (16-CV-2204, D.E. # 1 at 1.) He requests that they be investigated by the FBI and seeks $900 million in damages. (Id. at 1–2.) He also seeks a "cease and desist" order "against further court applications." (Id. at 2.) Meyers filed several supplemental submissions in that case. A submission received on May 5, 2016, encloses documents related to involuntary retention and a medication-over-objection hearing scheduled for March 2016. (16-CV-2204, D.E. # 4.) A submission labeled "Points and Authorities" and received on May 11, 2016, states: "Plaintiff now comes to identify each and every application for medication-over-objection." (16-CV-2204, D.E. # 5.) In another submission, received on June 3, 2016, Meyers states that he is losing favorable witnesses and requests "that the psychiatrist in question be arrested for fraud and perjury in court." (16-CV-2204, D.E. # 7 at 1–2.)

In Meyers v. Bratton, et al., No. 16-CV-2497, Meyers challenges the way the NYPD handles psychiatric calls. He requests that "each 9-1-1 psychiatric call be investigated on the scene – true or false – as to the mental condition of the subject." (16-CV-2497, D.E. # 1 at 1.) He requests a court order providing that "each precinct of the New York City Police Department have a psychiatric evaluation team that comes to the scene to give a psychiatric interview to determine if you need to go further in the system or be released." (Id. at 2.) To date, Meyers has failed to pay the filing fee or request to proceed IFP in this action.

Collectively, these 13 cases raise the same mental-health issues that were advanced in No. 14-CV-7448. The Court's May 18, 2016, Order dismissed all of Meyers's claims related to his involuntary commitment and medication over objection but permitted his claims challenging the constitutionality of Kendra's Law and New York City's policy regarding psychiatric calls to proceed. The subsequent complaints do not submit any new factual information or posit new legal arguments. As no useful purpose would be served by the litigation of these duplicate actions, the above-captioned complaints are dismissed without prejudice to the litigation

pending under Docket Number 14-CV-7448. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

## WARNING AGAINST FRIVOLOUS FILING

In addition to the dozens of actions Meyers has filed in this Court, he has also submitted a multitude of letters, motions, affidavits, and other documents reiterating the same series of claims. The vast majority of his claims have been or now will be dismissed. Only three of his current claims—his facial challenge to Kendra's Law, his challenge to the New York City Police Department's policy for handling emotionally disturbed persons, and his claim for social security benefits—have advanced past the Court's initial review for frivolity under 28 U.S.C. § 1915.

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without leave of the Court. See In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

For the foregoing reasons, the above-captioned complaints are dismissed, without prejudice to the pending litigation in Meyers v. Health & Hospitals Corp., No. 14-CV-7448.[2] Meyers is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including a filing injunction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 1, 2016
Brooklyn, New York

s/Carol Bagley Amon

_____
Carol Bagley Amon
United States District Judge

---

[2] Meyers v. Bratton, et al., No. 16-CV-2497, and Meyers v. Appellate Division, et al., No. 16-CV-1169, were not properly filed, as Meyers did not submit the filing fee or an IFP application. These cases are dismissed for failure to pay the filing fee.